## N. Y. SUPERIOR COURT.

THE BROOKLYN OIL REFINERY, plaintiff and respondent, agt. DAVID BROWN, *et al.*, defendants and appellants.

Where upon the trial of an action for a breach of a written contract, to deliver petroleum oil—payment and delivery being simultaneous and concurrent acts, and plaintiff, although not bound to prove payment or tender of payment, was at least bound to establish that he was ready and willing to pay according to the terms of the contract, and upon this point considerable evidence was given on both sides, this raised a clear issue of fact, and defendants had a right to ask its submission to the jury  A refusal to do so was error.

*General Term, November*, 1871.

*Before* BARBOUR, Ch. J., MONELL *and* FREEDMAN, *JJ.*

APPEAL from a judgment entered upon a verdict directed by the court, in favor of plaintiff

The action was brought by the assignee of the vendee against the vendors named in a contract, whereby the vendors have agreed to deliver " 160,000 gallons crude pretroleum, gravity 40 to 47, at 11¾c. per gallon to be delivered to bulk-lighter at yard free of expense, tank measurement, quality and quantity to be accepted at the time of delivery at yard, seller's option, during the month of May next, at the rate of 40,000 gallons per week through the month ; terms cash," and which they had failed to deliver, to recover damages for the breach.

Upon the trial, evidence was given on plaintiff's side, showing a demand for 40,000 gallons of the oil in question, on each of the following days, to wit, the 7th, 14th, 21st and 28th of May, and a further demand of the whole quantity the 30th of May.   The evidence established *prima facie*

at least an ability and willingness on the part of the plaintiff to pay for the oil as demanded.

After the close of plaintiff's case, and after a motion for a nonsuit had been made and denied, defendants, among other things, introduced a number of witnesses who testified in substance and effect, that plaintiff on each of the days, on which he made a demand, was notified that the oil was ready for delivery at defendants' yard at the foot of 65th St., and would be there delivered to him on payment of the price, and that plaintiff was not any time ready and willing to pay as claimed, but declined to pay before delivery at plaintiff's yard, or at least on board of plaintiff's lighter.

Defendants claimed the right to have the question of plaintiff's readiness and willingness to pay according to the stipulations of the contract submitted to the jury as one of the questions of fact involved in the case.    But the court refused to submit any question to the jury, and directed a verdict for $4,697 49, to which refusal and directions defendants duly excepted.

G. W. COTTERILL *for appellants.*
LEWIS SANDERS, *for respondent.*

*By the court,* FREEDMAN, J.—Under the terms of the contract payment and delivery were to be simultaneous and concurrent acts, and plaintiff, therefore, although not bound to prove payment or tender of payment, was at least bound to establish that he was ready and willing to pay according to the provisions of the contract.    Upon this point considerable evidence was given both ways, and sufficient thereof on each side to support a determination of the fact involved therein, in favor of ether party.    It consequently raised a clear issue of facts and defendants had a right to ask its submission to the jury.    As they did make such request, its refusal constituted error, for which a new trial must be granted,

irrespective of the other interesting questions which arose in the course of the trial, and were argued upon the appeal. This view renders it quite unnecessary, therefore, to notice any of the latter.

The judgment should be reversed, and a new trial ordered, with costs to appellants, to abide the event.

## ERRATUM.

In the case of *Leaird* agt. *Smith, ante. p.* 56, in the first line of the head note, *read* "purchase" *instead of* "foreclosure."